Bode, Respondent, vs. Jensen, Appellant.

*November 8—December 4, 1928.*

For the appellant there was a brief by *James E. Coleman,* attorney, and *William J. McCauley,* of counsel, both of Milwaukee, and oral argument by *Mr. Coleman.*

For the respondent the cause was submitted on the brief of *Robert V. Baker,* attorney, and *Robert V. Baker, Jr.,* of counsel, both of Kenosha.

Rosenberry, J. In his answer the defendant denied that he was the owner of the Hudson automobile, denied that it was being operated by his chauffeur; admitted that he was an occupant of the automobile, but alleged that he was in no manner responsible for the acts of the driver. We find it necessary to consider only the question raised by these allegations in the answer.

The defendant established as conclusively as it is possible to establish the fact that the Hudson sedan in which he was riding was bought, paid for, owned, maintained, and operated by the Chicago District Council of Carpenters and was being driven at the time of the accident by a chauffeur employed and paid for by them. At the time of the accident the chauffeur was driving the Hudson sedan to Milwaukee on business of the Chicago District Council of Carpenters, taking the president, the defendant Jensen, and two delegates from a labor union in Germany to visit and inspect the Matthews Brothers woodworking plant in Milwaukee. The only evidence to contradict the documentary evidence offered by the defendant was the statement of certain persons that at or about the time of the accident Jensen said he was the owner of the car. If mere casual statements from which a bystander drew the inference that Jensen was the owner of the car constitute proof of title—a very doubtful proposition to say the least,—it was wholly overcome by proof offered by the defendant. The fact that the name on the list of automobile licenses issued by the secretary of state of Illinois appears as "Carpenters District Council of Chicago —Harry Jensen," Jensen being the president of the council, was without significance in view of the proof as to ownership offered by the defendant.

The plaintiff having failed to establish that the defendant was the owner of or responsible for the movements of the automobile at the time in question, judgment must be reversed, with directions to dismiss the plaintiff's complaint.

*By the Court.*—It is so ordered.